Joshua H. Reisman, Esq.
Nevada Bar No. 7152
REISMAN·SOROKAC
8965 South Eastern Avenue, Suite 382
Las Vegas, Nevada 89123
Telephone: (702) 727-6258
Facsimile: (702) 446-6756
Email: jreisman@rsnvlaw.com

Attorneys for Defendant *Med James, Inc.*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LUIS LOPEZ, an individual<br><br>Plaintiff,<br><br>vs.<br><br>RAYMOND JOSEPH NOGERA, and individual; KEY INSURANCE COMPANY, a foreign corporation; MED JAMES, INC., a foreign corporation; DOES I through X; and ROE LEGAL ENTITIES I through X,<br><br>Defendants. | CASE NO.  2:25-cv-00721-RFB-MDC<br><br>**MOTION TO AMEND PETITION FOR REMOVAL** |

Defendant Med James, Inc. ("MJI"), by and through its attorney, Joshua H. Reisman, Esq., of the law firm Reisman Sorokac, hereby files its Motion to Amend Petition for Removal (the "Motion").

This motion is made and based upon the upon the papers and pleadings on file, the following Memorandum of Points and Authorities, and any oral argument permitted or required by this Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**1.   STATEMENT OF FACTS AND PROCEDURAL BACKGROUND**

MJI filed its Petition for Removal on April 24, 2025 (the "Petition").  (*See* ECF No. 1.)  On May 23, 2025, Plaintiff filed a Motion to Remand, (ECF No. 10), arguing that MJI's Petition was deficient because it "fails to allege the citizenship of *any* party[.]" *Id.* at 2.  On June 6, 2025, MJI

filed an Opposition to Plaintiff's Motion to Remand establishing the citizenship of all parties and demonstrating that removal was proper. (*See* ECF No. 16.) MJI now moves for leave to file an amended Petition to supplement the jurisdictional allegations supporting diversity jurisdiction (the "Amended Petition"). Pursuant to Local Rule LR1 16-1(a), the proposed Amended Petition is attached hereto as Exhibit A.

**2.    ARGUMENT**

"28 U.S.C. § 1653 [] provides that 'defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate court[,]' . . . [and] this statute applies to removed action as well as to those initiated in United States District Courts." *Barrow Development Co. v. Fulton Ins. Co.*, 418 F.2d 316, 317 (9th Cr. 1969); *see also Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62, at *64, 2011 U.S. App. LEXIS 2500, at **5 (9th Cir. 2011) (granting motion for leave to file an amended notice of removal in the Ninth Circuit (citing *Snell v. Cleveland, Inc.*, 316 F.3d 822, 828 (9th Cir. 2002) ("Under 28 U.S.C § 1653, we have the authority to grant leave to amend a complaint in order to cure defective allegations of jurisdiction."))); *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) (citing *Jacobs v. Patent Enforcement Fund, Inc.*, 230 F.3d 565, 568 n.3 (2d Cir. 2000), for the proposition that "[a]n inadequate pleading does not in itself constitute an actual defect of federal jurisdiction").

"[A] defendant may amend the Notice of Removal after the thirty day window has closed to correct a 'defective allegation of jurisdiction.'" *ARCO Envtl. Remediation, L.L.C. v. Department of Health & Envtl. Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000) (citing 28 U.S.C. § 1653); *see also 16 Moore's Federal Practice* § 107.30[2][a][iv] ("Amendment may be permitted after the 30-day period if the amendment corrects defective allegations of jurisdiction, but not to add a new basis for removal jurisdiction."). "An amendment may correct an imperfect statement of citizenship, or state the previously articulated grounds more fully, or correct the jurisdictional amount." *Wigley v.*

2

*Aircraft Serv. Int'l Group*, Case No. CV 09-6101 AHM (RCx), 2009 U.S. Dist. LEXIS 119525, at *9 (C.D. Cal. Nov. 30, 2009) (quotation omitted).

"Section 1653 is to be read in conjunction with Rule 15(a) to allow defective allegations of jurisdiction to be amended by leave of court and leave shall be freely given when justice so requires." *Id.* at *8-9 (quoting *Swartz v. Prudential Healthcare, Inc.,* 78 Fed. Appx. 598, 599 (9th Cir. 2003)) (cleaned up).  "Parties may amend pleadings under Rule 15 to cure a technical defect in the jurisdictional allegation, namely, to allege diversity of citizenship in full."  *Hawaii v. Abbott Labs, Inc.*, 469 F. Supp. 2d 842, 847 (D. Hawaii 2006) (citing cases permitting amendment to notices of removal under Fed. R. Civ. P. 15(a)).

The Ninth Circuit's "general practice" with respect to amendments under Rule 15 "is to freely give leave to amend when justice so requires."  *United States v. $11,500.00 in U.S. Currency*, 710 F.3d 1006, 1013 (9th Cir. 2013) (cleaned up).  "This policy is to be applied with extreme liberality." *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (quotation omitted). "Absent prejudice, or a strong showing of the other factors, such as undue delay, bad faith, or dilatory motive, there exists a presumption under Rule 15(a) in favor of granting leave to amend." *AmerisourceBergen Corp. v. Dialysist W., Inc.*, 465 F.3d 946, 957 (9th Cir. 2006) (quotation omitted).

Here, the Court should freely grant MJI leave to file its Amended Petition.  No prejudice will result to Plaintiff, and there has been no undue delay, bad faith or dilatory motive on MJI's part. MJI is promptly seeking leave to amend its Petition shortly after Plaintiff raised the issue in its May 23, 2025, Motion to Remand.

With regard to the substance of the Amended Petition, as demonstrated in its Opposition to Motion to Remand, (ECF No. 16), MJI is easily able to demonstrate the citizenship of all of the

parties[1] and that removal was appropriate. (*See also* Ex. A, attached hereto.) Accordingly, this Court should do as numerous courts in the Ninth Circuit—including this very Court—have done, and grant MJI leave to amend its Petition to include proper citizenship information. *See, e.g., Jenkins v. Commonwealth Land Title Ins. Co.*, 95 F.3d 791, 794 (9th Cir. 1996) (concluding that "[w]hatever formal defect existed by virtue of Commonwealth's statement in its notice of removal that Jenkins ***is a 'resident' of Hawai'i rather than a citizen*** was [] cured by the amendment [to the notice of removal] . . . [and] the amended pleadings therefore establish that Jenkins and Commonwealth are citizens of different states, so diversity jurisdiction exists over this case under 28 U.S.C. § 1332" (emphasis added)); *Lindley Contours, LLC*, 414 Fed. Appx. at *65 (providing, on appeal, "several opportunities to correct defects [regarding allegations of citizenship] in [appellees'] notice of removal"); *Pena v. Nev. Prop. 1, LLC*, Case No. 2:24-cv-00408-RFB-DJA, 2024 U.S. Dist. LEXIS 191350, at *6, 2024 WL 4542671 (D. Nev. Oct. 21. 2024) (**Boulware, J.**) (permitting defendant to amend petition for removal to properly explain its citizenship as an LLC); *Martinez v. Blue Force Express Inc.*, No. CV-20-01085-PHX-DWL, 2020 U.S. Dist. LEXIS 105244, at *4 (D. Ariz. June 16, 2020) (requiring amended notice of removal to allege *citizenship* to cure deficient allegations of *residency*); *City of Elko v. Ville 837, LLC*, Case No. 3:24-CV-00214-CLB, 2024 U.S. Dist. LEXIS 120704, at *3 (D. Nev. July 10, 2024) (granting motion to amend petition for removal to include proper citizenship information); *see also Kanter*, 265 F.3d at 857-58 (agreeing with district court that defendant "could potentially have cured its defective allegations

---

[1] As to Defendant Raymond Nogera ("Nogera"), because he was fraudulently joined in this action, his "presence in the lawsuit is ignored for purposes of determining diversity[.]" *Weeping Hollow Ave. Tr. V. Spencer*, 831 F.3d 1110, 1113 (9th Cir. 2016) (quotations omitted); 28 U.S.C. § 1441(b)(2) (referring to "properly joined" defendants); *United Computer Sys., Inc. v. AT & T Corp.*, 298 F.3d 756, 762 (9th Cir. 2002) ("Because Stredicke was a fraudulently joined defendant, her citizenship is not relevant for purposes of diversity jurisdiction."). Accordingly, Nogera's citizenship did not need to be alleged for purposes of establishing diversity jurisdiction. Regardless, MJI's Amended Petition establishes that Nogera is a Nevada citizen.

regarding citizenship by amending its notice of removal[,]" where notice of removal contained "pleading defect" stating that plaintiffs <u>were residents of California but failing to specify their state of citizenship</u>); *Good v. Google LLC*, Case No. 22-cv-05622-JSC, 2022 U.S. Dist. LEXIS 220028, at *9 (N.D. Cal. Dec. 6, 2022) ("A defendant may amend its notice of removal to correct defective jurisdictional allegations—such as the failure to specify a party's citizenship—so long as the basis for removal (e.g., diversity jurisdiction) remains the same as in the original notice of removal.").

### 3.   CONCLUSION

Based upon the foregoing, MJI respectfully requests that the Court grant this Motion and permit MJI to file its Amended Petition.

DATED this 9th day of June, 2025.

REISMAN·SOROKAC

*/s/ Joshua H. Reisman, Esq.*
Joshua H. Reisman, Esq.
Nevada Bar No. 7152

Attorneys for Defendant *Med James, Inc.*

IT IS SO ORDERED. The Motion is granted. Plaintiff does not oppose. ECF Nos. 21 and 23.

Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Dated: 6-27-25

5

## **CERTIFICATE OF SERVICE**

Pursuant to FRCP 5, I hereby certify that on the 9th day of June, 2025, a true and correct copy of the foregoing **MOTION TO AMEND PETITION FOR REMOVAL** was served through the Court's CM/ECF System on all parties registered therewith.

                                           */s/ Karla Guillen-Morales*
                                           An employee of REISMAN·SOROKAC