JARED RICHARDS, ESQ. (11254)
SHEA I. BILLADEAU, ESQ. (14481)
**CLEAR COUNSEL LAW GROUP**
1671 West Horizon Ridge Parkway
Suite 200
Henderson, NV 89012
Telephone: (702) 476-5900
Fax: (702) 924-0709
Email: jared@clearcounsel.com
Email: shea@clearcounsel.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| LUIS LOPEZ, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>RAYMOND JOSEPH NOGERA, and individual; KEY INSURANCE COMPANY, a foreign corporation; MED JAMES, INC., a foreign corporation; DOES I through X; and ROE LEGAL ENTITIES I through X,<br><br>Defendants. | CASE NO.: 2:25-cv-00721-RFB-MDC<br><br>**JOINT MOTION TO STAY DISCOVERY** |

Plaintiff, Luis Lopez ("Lopez"), by and through his attorneys of record, the law firm Clear Counsel Law Group, and Defendant Med James, Inc. ("MJI"), by and through its attorneys of record, the law firms Reisman Sorokac and Warns Law, hereby jointly move the Court for a stay of discovery (the "Motion").

This motion is made and based upon the papers and pleadings on file, the following Memorandum of Points and Authorities, and any oral argument required by this Court.

/ / /

/ / /

## MEMORANDUM OF POINTS AND AUTHORITIES

I.     **STATEMENT OF FACTS**

Lopez filed his Complaint on January 30, 2025, in Nevada's Eighth Judicial District Court, Clark County, Nevada, with the case captioned "Luis Lopez, Plaintiff v. Raymond Jospeh Nogera, Key Insurance Company, Med James, Inc., Does I through X, and Roe Legal Entities I through X, Defendants," Case No. A-25-911389-C.

On April 25, 2025, MJI filed a Notice of Removal based on diversity jurisdiction, asserting an amount in controversy in excess of $75,000 and complete diversity of the parties based upon the argument that Defendant Nogera was fraudulently joined and misjoined. (*See* ECF No. 1.)

On May 6, 2025, MJI filed a Motion to Dismiss for Lack of Personal Jurisdiction, (ECF No. 4), and also a Motion to Dismiss for Failure to State Claim and Lack of Subject Matter Jurisdiction (collectively, the "Motions to Dismiss"). (ECF No. 5.) Lopez filed responses to the Motions to Dismiss on May 20, 2025, (ECF Nos. 8 and 9), and MJI filed reply briefs in support of the Motions to Dismiss on May 30, 2025. (ECF Nos. 14 and 15.)

On May 23, 2025, Lopez filed a Motion to Remand this case back to state court (collectively with the Motions to Dismiss, the "Pending Motions"). (ECF No. 10.) On June 6, 2025, MJI filed its response to the Motion to Remand, (ECF No. 16), and Lopez filed a reply brief in support of the Motion to Remand on June 13, 2025. (ECF No. 19.)

On May 23, 2025, counsel for Lopez and MJI held an FRCP 26(f) conference and agreed that good cause existed to stay discovery in this matter pending this Court's adjudication of the Pending Motions. (*See* ECF No. 12 ¶ 12 ("as the briefing on MJI's Motions [to Dismiss] and on

Lopez's Motion to Remand has not yet been completed, Lopez and MJI will submit a Stipulation and Order to stay discovery until after the Court rules on the [m]otions").[1]

## II.     ARGUMENT

Under Judge Couvillier's Standing Order, "[i]f a party believes that discovery should be stayed pending a decision on [a] motion to dismiss, the party is required to file a motion to stay." The Standing Order requires the motion to "address the factors articulated in *Schrader v. Wynn Las Vegas, LLC,* 2021 WL 4810324, at *4 (D. Nev. Oct. 14, 2021)."

"A motion to stay discovery is governed by Rule 26(c) of the Federal Rules of Civil Procedure." *Grand Canyon Skywalk Dev. LLC v. Steele*, No. 2:13-CV-00596-JAD, 2014 WL 60216, at *3 (D. Nev. Jan. 7, 2014). "The standard for staying discovery under Rule 26(c) is good cause." *Schrader*, 2021 WL 4810324, at *2. Good cause includes "undue burden or expense." *Id.* "The Court may grant motions to stay discovery when a dispositive motion is pending if (1) the dispositive motion can be decided without further discovery; and (2) good cause exists to stay discovery." *Id.* at *4.

"[A] pending Motion to Dismiss is not ordinarily a situation that in and of itself would warrant a stay of discovery." *Twin City Fire Ins. Co. v. Emps. Ins. of Wausau*, 124 F.R.D. 652, 653 (D. Nev. 1989). "A situation that in and of itself would warrant a stay of discovery occurs when ***jurisdiction***, venue, or immunity are preliminary issues [raised by a motion to dismiss]." *St. Clair v. iEnergizer, Inc.*, No. 220CV01880GMNVCF, 2021 WL 725158, at *2 (D. Nev. Jan. 22, 2021) (cleaned up) (quotation omitted) (emphasis added). "***[A] pending motion challenging jurisdiction strongly favors a stay***, or at minimum, limitations on discovery until the question of

---

[1] Lopez and MJI originally contemplated seeking a stay of discovery via stipulation and order. In accordance with Judge Couvillier's Standing Order, however, they file the present Motion.

jurisdiction is resolved." *AMC Fabrication, Inc. v. KRD Trucking W., Inc.*, No. 2:12-CV-00146-LDG, 2012 WL 4846152, at *2 (D. Nev. Oct. 10, 2012).  "A defendant should not be required to engage in expensive and burdensome discovery in a court that has no jurisdiction over him." *Liberty Media Holdings, LLC v. Letyagin*, No. 2:12-CV-00923-LRH, 2012 WL 3135671, at *5 (D. Nev. Aug. 1, 2012).

Here, this case is ripe for a stay of discovery.  First, Lopez and MJI agree that the Pending Motions can largely be resolved without discovery.  While Lopez has requested limited jurisdictional discovery in his oppositions brief (which MJI has opposed), the parties agree that, at a minimum, full-blown discovery is unnecessary.  Lopez and MJI also agree that the issue of whether jurisdictional discovery should be permitted is an issue for the Court in adjudicating the Motions to Dismiss.  Discovery is unnecessary for resolution of the Motion to Remand.  Accordingly, this factor favors the present stay of discovery, with the issue of limited jurisdictional discovery to be determined by the Court in adjudicating the Motions to Dismiss.

Second, Lopez and MJI also agree that good cause exists to stay discovery pending the Court's resolution of the Pending Motions because conducting discovery in the current posture—where the case may soon be dismissed—would subject them to undue burden or expense.  This is a complex case involving 4 parties and 7 causes of action[2] pertaining to: (1) MJI and Key Insurance's business relationship since 2007; (2) the lengthy claims-handling of the underlying insurance claim; and (3) Defendant Nogera's alleged conduct wasting assets.  An enormous volume of documents are at issue and MJI and Key Insurance's material witnesses are all in Kansas.  MJI

---

[2] Lopez's Complaint is 25 pages.

asserts that Lopez's claims are not yet ripe, so it asserts that discovery is not appropriate at this time, and may never be appropriate.

Given MJI's challenge to both subject-matter jurisdiction (based on ripeness) and personal jurisdiction, the law "strongly favors a stay". *AMC Fabrication, Inc.*, 2012 WL 4846152, at *2. MJI "should not be required to engage in expensive and burdensome discovery in a court that [may not have] jurisdiction over [it]." *Liberty Media Holdings, LLC*, 2012 WL 3135671, at *5. Accordingly, this factor strongly favors a stay of discovery.

### III.    CONCLUSION

Based upon the foregoing, MJI and Lopez both agree that this Motion should be granted and discovery should be stayed pending the Court's resolution of the Pending Motions.

Dated this 20th day of June, 2025.

| CLEAR COUNSEL LAW GROUP | REISMAN SOROKAC |
|---|---|
| /s/ Shea Billadeau, Esq. | /s/ Robert R. Warns III, Esq. |
| Jared R. Richards, Esq. (11254) | Joshua S. Reisman, Esq. |
| Shea I. Billadeau, Esq. (14481) | Nevada Bar No. 7152 |
| 1671 W. Horizon Ridge Pkwy., Suite 200 | Robert R. Warns III, Esq.[3] |
| Henderson, NV 89012 | Nevada Bar No. 12123 |
| *Attorneys for Plaintiff* | 8965 South Eastern Avenue, Suite 382 |
| | Las Vegas, Nevada 89123 |
| | *Attorneys for Defendant Med James, Inc.* |

**IT IS SO ORDERED.**

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge
Dated: 6-27-25

---

[3] Mr. Warns is an independent contractor for Reisman Sorokac.