Jared R. Richards, Esq.
Nevada Bar No. 11254
Shea I. Billadeau, Esq.
Nevada Bar No. 14481
CLEAR COUNSEL LAW GROUP
1671 W. Horizon Ridge Pkwy, Suite 200
Henderson, NV 89012
Telephone: (702) 476-5900
Facsimile: (702) 924-0709
jared@clearcounsel.com
shea@clearcounsel.com
*Attorneys for Plaintiff Luis Lopez*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| LUIS LOPEZ, an individual,<br><br>                    Plaintiff,<br>vs.<br><br>RAYMOND JOSEPH NOGERA, an individual; KEY INSURANCE COMPANY, a foreign corporation; MED JAMES, INC., a foreign corporation; DOES I through X; and ROE LEGAL ENTITIES I through X,<br><br>                    Defendants. | Case No.: 2:25-cv-00721-RFB-MDC<br><br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO EXTEND PERIOD FOR JURISDICTIONAL DISCOVERY**<br>**(SECOND REQUEST)** |

Plaintiff Luis Lopez ("Plaintiff") and Defendant Med James, Inc.[1] ("Defendant"), by and through their undersigned counsel, have met and conferred and, in accordance with Local Rules IA 6-1, IA 6-2, 7-1, and 26-3, jointly present the following stipulation and proposed order:

1.      In its Minute Order filed March 10, 2026 (ECF No. 33), the Court gave the parties 120 days to conduct jurisdictional discovery, beginning on March 13, 2026.

2.      In the Court's Order Extending Period for Jurisdictional Discovery 30 days, the discovery deadline was extended to August 12, 2026 (ECF No. 35).

---

[1] Defendant Key Insurance Company is not included in this stipulation because the Court has stayed the case as to them. (*See* ECF No. 12.) Defendant Nogera is not included because he has not appeared in this action.

3.      The period for jurisdictional discovery currently ends on August 12, 2026.

4.      Statement specifying discovery completed: On March 24, 2026, Plaintiff served written discovery requests on Defendant and Defendant has served Plaintiff with responses to Plaintiff's Requests for Admissions, Requests for Production of Documents, and Interrogatories. The Parties have exchanged competing confidentiality stipulations and protective orders and are diligently working to overcome the differences in the documents contents without the Court's intervention. The deposition of the F.R.C.P. 30(b)(6) Witness of Med James, Inc. was noticed for June 23, 2026. The deposition was vacated to allow both parties adequate time to prepare, produce, and review related documents that the parties reasonably expect to be relied upon during said deposition.

5.      Specific description of the discovery that remains to be completed: The parties intend to submit a joint confidentiality stipulation and protective order for the Court's consideration. After that is entered, Defendant's intend to supplement their disclosures and discovery responses and Plaintiff will re-notice Defendant's F.R.C.P. 30(b)(6) Witness deposition. Further, the parties have discussed mediation once documents have been produced, followed by additional discovery as necessary if a mediation is unsuccessful.

6.      Reasons why the remaining discovery cannot be completed within the time limits of the jurisdictional discovery period: The parties submit that good cause exists to extend the period for jurisdictional discovery because: (a) Defendant's production of documents involves information that will likely be subject to a negotiated confidentiality agreement and protective order; (b) the production requires coordination with Key Insurance Company, which is currently in receivership and despite Defendant's good faith attempts to obtain documents within their custody and control of Key Insurance,  Key Insurance has been uncooperative and taken the position that it is not required to produce anything while subject to the stay ordered by the Kansas

court; (c) Plaintiff intends to take additional depositions following the Defendant's production of documents; and (d) the parties plan to participate in mediation in attempt to resolve the case.

7. <u>Proposed schedule for completing all remaining discovery:</u> Accordingly, the parties respectfully request that the Court extend the period for completing jurisdictional discovery an additional one hundred twenty (120) days from August 12, 2026, to December 10, 2026.  The parties are aware that this is a significant extension.  However, the parties believe there is good cause for the extension as it will allow them to conduct meaningful discovery and participate in mediation with sufficient time remaining to engage in follow-up discovery should the mediation fail.  The parties believe this balanced strategy is in the best interest of the parties and in the interest of judicial economy.

8. The parties have been diligent in conducting discovery thus far and are continuing to work together to come to a resolution. There is good cause to extending deadlines to accommodate the parties' respective interests.

///

///

///

9.      This is the second stipulation for extension of the jurisdictional discovery period.

Dated June 26, 2026.                                Dated June 26, 2026.
**CLEAR COUNSEL LAW GROUP**            **REISMAN SOROKAC**


*/s/ Shea I. Billadeau*                              */s/ Joshua H. Reisman*

Jared R. Richards, Esq. (11254)                 Joshua H. Reisman, Esq.
Shea I. Billadeau, Esq. (14481)                 Nevada Bar No. 7152
1671 W. Horizon Ridge Pkwy, Suite 200      8965 South Eastern Avenue, Suite 382
Henderson, NV 89012                             Las Vegas, NV 89123
*Attorneys for Plaintiff Luis Lopez*            *Attorneys for Defendant Med James, Inc.*


## ORDER

**IT IS SO ORDERED.**

_____
UNITED STATES DISTRICT JUDGE
United States Magistrate Judge



DATED: _6-30-26_____